■ HSBC Bank USA, National Association, as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Securi-

TIES MORTGAGE LOAN TRUST, SERIES 2007-4, Appellant, v LORAIN JEAN BAPTISTE et al., Respondents, et al., Defendants. [10 NYS3d 255]—

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Schack, J.), entered January 29, 2014, which, inter alia, denied its motion for summary judgment on the complaint.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is granted.

In order to demonstrate its prima facie entitlement to judgment as a matter of law in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of the defendant's default in payment (see Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689 [2014]; Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d 895 [2013]). Where, as in this case, the plaintiff's standing has been placed in issue by reason of the defendant's answer, the plaintiff additionally must prove its standing as part of its prima facie showing (see Plaza Equities, LLC v Lamberti, 118 AD3d at 689; MLCFC 2007-9 Mixed Astoria, LLC v 36-02 35th Ave. Dev., LLC, 116 AD3d 745, 746 [2014]). A plaintiff establishes its standing by demonstrating that it is the holder or assignee of the subject mortgage and the holder or assignee of the underlying note at the time the action is commenced (see Bank of Am., N.A. v Paulsen, 125 AD3d 909 [2015]; US Bank N.A. v Faruque, 120 AD3d 575, 577 [2014]; Homecomings Fin., LLC v Guldi, 108 AD3d 506, 507 [2013]; Citimortgage, Inc. v Stosel, 89 AD3d 887, 888 [2011]).

Contrary to the determination of the Supreme Court, the plaintiff established its standing as the holder of the note and mortgage by submitting evidence demonstrating that the note, indorsed in blank by the lender, was physically delivered to it, and that the mortgage was validly assigned to it, prior to the commencement of the action. Moreover, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the defendants' default in payment (see Plaza Equities, LLC v Lamberti, 118 AD3d at 689; Emigrant Mtge. Co., Inc. v Beckerman, 105 AD3d at 895; U.S. Bank N.A. v Denaro, 98 AD3d 964 [2012]; Washington Mut. Bank, F.A. v O'Connor, 63 AD3d 832 [2009]). Since the defendants failed to raise a triable issue of fact in opposition, the Supreme Court should have granted the plaintiff's motion for summary judgment on the complaint.

The parties' remaining contentions either are not properly before this Court (*see Tortorello v Carlin*, 260 AD2d 201, 205 [1999]) or need not be reached in light of our determination. Mastro, J.P., Balkin, Sgroi and Miller, JJ., concur.