■ Loancare, a Division of FNF Servicing Inc., Respondent, v Lorraine Firshing et al., Appellants, et al., Defendant. [14 NYS3d 410]—

In an action to foreclose a mortgage, the defendants Lorraine Firshing and Lisa M. Firshing-Carrera appeal from (1) an order of the Supreme Court, Nassau County (Adams, J.), entered June 4, 2014, and (2) an order of the same court entered June 20, 2014, which granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against them and for an order of reference.

Ordered that the appeal from the order entered June 4, 2014, is dismissed, as that order was superseded by the order entered June 20, 2014; and it is further,

Ordered that the order entered June 20, 2014, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

On March 30, 2009, the defendants Lorraine Firshing and Lisa M. Firshing-Carrera (hereinafter together the defendants) executed a note pursuant to which they promised to repay the sum of $424,297 that they borrowed from Lend America. Attached to the note was an allonge, also dated March 30, 2009, endorsed in blank without recourse and signed by a vice-president of Lend America. The note was secured by a mortgage on the defendants' real property located in Elmont. The mortgage provided, inter alia, that Mortgage Electronic Registration Systems, Inc. (hereinafter MERS), was acting as a nominee for Lend America and its successors and assigns. On March 30, 2011, MERS assigned the mortgage to the plaintiff, Loancare, a Division of FNF Servicing, Inc. (hereinafter the plaintiff).

In June 2011, the plaintiff commenced this action to foreclose the mortgage, alleging, as relevant here, that the defendants defaulted on their loan repayment obligations. In July 2011, the defendants answered the complaint and, inter alia, asserted as an affirmative defense that the plaintiff lacked standing. In February 2014, the plaintiff moved for summary judgment on the complaint and for an order of reference. The Supreme Court granted the plaintiff's motion, and the defendants appeal.

In a mortgage foreclosure action, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default (*see Wells Fargo Bank, N.A. v Erobobo*, 127 AD3d 1176 [2015]; *Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2015]; *One W. Bank, FSB v DiPilato*, 124 AD3d 735 [2015]; *Wells Fargo Bank, N.A. v Ali*, 122 AD3d 726 [2014]; *Midfirst*

*Bank v Agho*, 121 AD3d 343, 347 [2014]). Where, as here, the plaintiff's standing has been placed in issue by the defendants' answer, the plaintiff also must prove its standing as part of its prima facie showing (*see HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773 [2015]). In a foreclosure action, a plaintiff has standing if it is either the holder of, or the assignee of, the underlying note at the time that the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015]; *see generally Emigrant Sav. Bank-Brooklyn/Queens v Doliscar*, 124 AD3d 831 [2015]; *HSBC Bank USA v Hernandez*, 92 AD3d 843 [2012]).

The Supreme Court properly granted the plaintiff's motion for summary judgment on the complaint and for an order of reference. Contrary to the defendants' contention, the plaintiff established its standing as the holder of the note by demonstrating, through the affidavits of its assistant secretary, that the note was physically delivered to it on December 23, 2009 (*see Kondaur Capital Corp. v McCary*, 115 AD3d 649, 650 [2014]; *Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015]), and that the mortgage was validly assigned to it prior to commencement of the action (*see HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773 [2015]). Moreover, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the defendants' default in payment (*see id.*; *One W. Bank, FSB v DiPilato*, 124 AD3d at 735; *Kondaur Capital Corp. v McCary*, 115 AD3d at 650). In opposition, the defendants failed to raise a triable issue of fact as to any bona fide defense to foreclosure (*see Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2015]; *Washington Mut. Bank v Schenk*, 112 AD3d 615, 616 [2013]).

The defendants' remaining contentions are without merit or improperly raised for the first time on appeal. Skelos, J.P., Dillon, Duffy and LaSalle, JJ., concur.