Prompt Mortgage Providers of North America, LLC, Respondent, v Dharamjeet Singh, Appellant, et al., Defendants. [18 NYS3d 668]—

In an action to foreclose a mortgage, the defendant appeals, as limited by his brief, from (1) so much of an order of the Supreme Court, Queens County (Raffaele, J.), dated February 4, 2014, as granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint and for an order of reference, and (2) so much of an order of the same court, dated April 17, 2014, as denied that branch of his motion which was for leave to renew his opposition to those branches of the plaintiff's cross motion which were for summary judgment on the complaint and for an order of reference.

Ordered that the order dated February 4, 2014, is reversed insofar as appealed from, on the law, and those branches of the plaintiff's cross motion which were for summary judgement on the complaint and for an order of reference are denied; and it is further,

Ordered that the appeal from the order dated April 17, 2014, is dismissed as academic in light of our determination on the appeal from the order dated February 4, 2014; and it is further,

Ordered that one bill of costs is awarded to the appellant.

On March 28, 2008, the defendant Dharamjeet Singh executed a note to borrow the principal sum of $250,000 from the plaintiff. The note was secured by a mortgage on Singh's two-family house in Ozone Park, New York. In July 2011, the plaintiff commenced this action to foreclose the mortgage, alleging that Singh had defaulted in his payment obligations under the note and mortgage. In its complaint, the plaintiff alleged that RPAPL 1303, which requires the notice "Help for Homeowners in Foreclosure" to be delivered with the summons and complaint in residential foreclosure actions involving an "owner-occupied one-to-four family dwelling," was inapplicable because Singh did not occupy the mortgaged premises as his residence. In his answer, Singh asserted, as an affirmative defense, that he had not received the notice required by RPAPL 1303. Singh thereafter moved to dismiss the complaint on a ground not relevant to this appeal, and the plaintiff cross-moved, inter alia, for summary judgment on the complaint and for an order of reference. The Supreme Court granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint and for an order of reference,

concluding, based upon the plaintiff's evidentiary submissions, that Singh did not live at the mortgage premises and, thus, this action did not involve an "owner-occupied" dwelling subject to the RPAPL 1303 notice requirement.

The plaintiff established its prima facie entitlement to judgment as a matter of law on its complaint by producing the mortgage, the unpaid note, and evidence of default (*see Bayview Loan Servicing, LLC v 254 Church St., LLC*, 129 AD3d 650 [2015]; *Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2015]), and by demonstrating that Singh's affirmative defenses were without merit (*see Jessabell Realty Corp. v Gonzales*, 117 AD3d 908, 909 [2014]; *Fairmont Capital, LLC v Laniado*, 116 AD3d 998 [2014]; *Mendel Group, Inc. v Prince*, 114 AD3d 732, 733 [2014]). However, the evidence submitted by Singh in opposition was sufficient to raise a triable issue of fact as to whether he was an occupant of the mortgaged premises at the time this action was commenced and, thus, whether the premises was an "owner-occupied one-to-four family dwelling" subject to the RPAPL 1303 notice requirement. Since proper service of an RPAPL 1303 notice, where required, is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint (*see Aurora Loan Servs., LLC v Weisblum*, 85 AD3d 95, 98 [2011]; *First Natl. Bank of Chicago v Silver*, 73 AD3d 162, 165-166 [2010]), the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint and for an order of reference.

In light of our determination, Singh's appeal from so much of the order dated April 17, 2014, as denied that branch of his motion which was for leave to renew has been rendered academic. Eng, P.J., Chambers, Roman and Barros, JJ., concur.