■ JPMorgan Chase Bank, National Association, Respondent, v Michele A. Mantle, Also Known as Michele Mantle, Appellant. [23 NYS3d 258]—

In an action to foreclose a mortgage, the defendant appeals (1), as limited by her brief, from so much of an order of the Supreme Court, Westchester County (Smith, J.), dated October 31, 2013, as denied her motion, inter alia, to return the action to the foreclosure settlement conference part and for leave to conduct discovery while it was pending there, and granted those branches of the plaintiff's cross motion which were for summary judgment on the complaint and dismissing her counterclaim alleging violation of the Fair Debt Collection Practices Act (15 USC § 1692 *et seq.*), (2) from an order of reference of the same court dated November 8, 2013, which, among other things, referred the matter to a referee to ascertain and compute the amount due on the mortgage loan, (3) from an order of the same court dated February 4, 2014, which denied her motion for leave to reargue her prior motion, inter alia, to return the action to the foreclosure settlement conference part and for leave to conduct discovery while it was pending there and her opposition to the plaintiff's prior cross motion, inter alia, for summary judgment on the complaint and dismissing her counterclaim alleging violation of the Fair Debt Collection Practices Act, (4) from an order of the same court dated March 17, 2014, which granted the plaintiff's motion for a judgment of foreclosure and sale, and (5) from a judgment of foreclosure and sale of the same court dated March 17, 2014.

Ordered that the appeals from the orders are dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeals from the intermediate orders dated October 31, 2013, and March 17, 2014, must be dismissed because the right of direct appeal therefrom terminated with the entry of a judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeals from those orders are brought up for review and have been considered on the appeal from the

judgment (*see* CPLR 5501 [c]). The appeal from the order of reference dated November 8, 2013, is dismissed, as the order is not appealable as of right, and leave to appeal has not been granted (*see Levitin v Boardwalk Capital, LLC*, 78 AD3d 1019 [2010]; *Security Natl. Servicing Corp. v Liebowitz*, 281 AD2d 615 [2001]). The appeal from the order dated February 4, 2014, must be dismissed because no appeal lies from an order denying a motion for leave to reargue (*see Mitchell v Lograno*, 108 AD3d 689, 690 [2013]).

The Supreme Court properly denied the defendant's motion, inter alia, to return the action to the foreclosure settlement conference part and for leave to conduct discovery while it was pending there. The defendant failed to establish that she had a genuine interest in negotiating a trial loan modification. Similarly, she did not demonstrate any basis for departing from the rules of the Westchester County foreclosure settlement conference part, which expressly bar discovery during the time a case is assigned to that part.

The Supreme Court properly granted that branch of the plaintiff's cross motion which was for summary judgment on the complaint. In a mortgage foreclosure action, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default (*see Loancare v Firshing*, 130 AD3d 787, 788 [2015]; *Wells Fargo Bank, N.A. v Erobobo*, 127 AD3d 1176, 1177 [2015]; *Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2015]). Where, as here, the plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff also must prove its standing as part of its prima facie showing (*see Loancare v Firshing*, 130 AD3d at 789; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]). In a foreclosure action, a plaintiff has standing if it is the holder of, or the assignee of, the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *Loancare v Firshing*, 130 AD3d at 789; *Emigrant Bank v Larizza*, 129 AD3d 904, 905 [2015]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]).

Here, the plaintiff established its standing as the holder of the note by demonstrating through the affidavits of an assistant secretary and vice president that the note, endorsed in blank by the original lender, was physically delivered to it prior to the commencement of this foreclosure action (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362; *HSBC Bank USA, N.A. v Sage*, 112 AD3d 1126, 1127 [2013]; *Mortgage Elec. Registration Sys., Inc. v Coakley*, 41 AD3d 674 [2007]).

Moreover, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing copies of the mortgage, the unpaid note, and evidence of the defendant's default in payment (*see Loancare v Firshing*, 130 AD3d at 789; *Emigrant Bank v Larizza*, 129 AD3d at 905; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d at 774). In opposition, the defendant failed to raise a triable issue of fact as to any bona fide defense to foreclosure.

The Supreme Court also properly granted that branch of the plaintiff's cross motion which was for summary judgment dismissing the defendant's counterclaim alleging violation of the Fair Debt Collection Practices Act (15 USC § 1692 *et seq.* [hereinafter the FDCPA]). The plaintiff established, prima facie, that the FDCPA does not apply to it inasmuch as it acquired the right to service the defendant's loan prior to her default (*see* 15 USC § 1692a [6] [F] [iii]; *Roth v CitiMortgage Inc.*, 756 F3d 178, 183 [2d Cir 2014]). In opposition, the defendant failed to raise a triable issue of fact. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.