■ CENLAR, FSB, Respondent, v KALMAN CENSOR et al., Appellants, et al., Defendant. [32 NYS3d 228]—

In an action to foreclose a mortgage, the defendants Kalman

Censor and Reva Censor appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Garvey, J.), dated January 14, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the affirmative defenses raised in their answer, and to appoint a referee to compute the amount due.

Ordered that the order is modified, on the law, by deleting the provisions thereof granting those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the affirmative defense alleging that the plaintiff failed to comply with the notice requirements of RPAPL 1304, and to appoint a referee to compute the amount due, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

On or about February 8, 2011, the plaintiff allegedly sent to Kalman Censor and Reva Censor (hereinafter together the defendants) a 90-day notice pursuant to RPAPL 1304, stating that they were in default on their December 2010 and January 2011 mortgage payments, and that they had until March 2, 2011, to pay the arrears of $6,171.66. The plaintiff alleged that on March 21, 2011, it sent a letter to the defendants demanding the February 2011 and March 2011 payments.

The plaintiff commenced this mortgage foreclosure action in October 2012, alleging that the defendants were in default on their mortgage payments as of March 1, 2011, and that the "balance of principal due upon [the] note and mortgage . . . as of the time of this Complaint is $272,304.71 plus interest from February 1st, 2011."

In their answer dated October 29, 2012, the defendants denied, inter alia, that the plaintiff properly served them with the 90-day pre-foreclosure notice required by RPAPL 1304 and challenged the plaintiff's standing to bring this action.

After numerous foreclosure settlement conferences from July 25, 2013 through May 22, 2014, the plaintiff moved, inter alia, for summary judgment on the complaint, to strike the affirmative defenses raised in the defendants' answer, and to appoint a referee to compute the amount due. The Supreme Court granted those branches of the plaintiff's motion.

The plaintiff failed to establish, prima facie, that it complied with the notice requirement of RPAPL 1304 that, at least 90 days before commencing a foreclosure action, a lender or loan servicer serve the borrower with a proper notice under the statute. In an attempt to meet its burden, the plaintiff submitted the affidavit of Anne Clements, a "Litigation Specialist"

employed by the plaintiff, who averred that she was familiar with the facts and circumstances set forth in her affidavit based on her review and examination of the records maintained by the plaintiff in the regular course of business. Clements merely stated in her affidavit that the RPAPL 1304 notice was mailed to the defendants "by both regular mail and certified mail" on January 31, 2011. No affidavit of service was provided. We find that Clements's unsubstantiated and conclusory statements were insufficient to establish that the required RPAPL 1304 notice was mailed to the defendants by first class and certified mail, especially where, as here, the plaintiff itself also submitted documents that contradicted Clements's sworn averments (*see Cenlar, FSB v Weisz*, 136 AD3d 855, 856 [2016]; *Citimortgage, Inc. v Espinal*, 134 AD3d 876 [2015]). Since the plaintiff failed to meet its prima facie burden, we need not consider the sufficiency of the defendants' papers in opposition (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court erred in granting those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the affirmative defense alleging that the plaintiff failed to comply with the notice requirements of RPAPL 1304, and to appoint a referee to compute the amount due.

However, the defendants also contend that the plaintiff did not establish prima facie that it had standing to commence this action. Inasmuch as that issue is of continuing relevance, we conclude that, contrary to the defendants' contention, the plaintiff demonstrated, prima facie, that it had standing to commence this action by submitting evidence that, at the time the action was commenced, it had physical possession of the unpaid note (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355 [2015]; *LNV Corp. v Francois*, 134 AD3d 1071 [2015]; *Wells Fargo Bank, N.A. v Parker*, 125 AD3d 848, 850 [2015]). Specifically, Clements averred that the original note was delivered to the plaintiff on November 1, 2004, and that the plaintiff maintained possession of the original note since that date. Accordingly, the Supreme Court properly granted that branch of the plaintiff's motion which was to strike the affirmative defense alleging that the plaintiff lacked standing to commence this action.

Although the plaintiff also presented evidence that the mortgage was assigned to it prior to the commencement of the action (*see Loancare v Firshing*, 130 AD3d 787, 789 [2015]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]), such evidence was not pertinent to the issue of standing

because the mortgage passes with the note as an incident thereto and is not dispositive in determining the issue of standing (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362).

In light of our determination, we need not address the defendants' remaining contentions. Balkin, J.P., Roman, Cohen and Maltese, JJ., concur.