■ SILVERGATE BANK, Respondent, v CALKULA PROPERTIES, INC., Appellant, et al., Defendants. [56 NYS3d 189]—

In an action to foreclose a mortgage, the defendant Calkula Properties, Inc., appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated July 9, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against it, and for an order of reference.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2003, the defendant Calkula Properties, Inc. (hereinafter the defendant), executed a note, secured by a mortgage on real property owned by it, in which it promised to repay a loan it received from GFI Mortgage Bankers, Inc. The note was endorsed to the plaintiff by a "Note Endorsement" dated December 12, 2008. The plaintiff commenced this action to foreclose the mortgage in June 2013. In its answer, the defendant raised the defense of lack of standing to foreclose.

To establish prima facie entitlement to judgment as a matter of law in a residential mortgage foreclosure action, a plaintiff must produce the mortgage, the unpaid note, and evidence of default (*see Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d 725, 726 [2017]; *JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d 903, 904 [2015]; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d 1001, 1002 [2015]; *HSBC Bank, USA v Hagerman*, 130 AD3d 683, 683-684 [2015]). Where, as here, a plaintiff's standing has been placed in issue by the defendant's answer, the plaintiff also must prove its standing as part of its prima facie showing (*see Security Lending, Ltd. v New Realty Corp.*, 142 AD3d 986, 987 [2016]; *JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d at 904; *Loancare v Firshing*, 130 AD3d 787, 789 [2015]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that, when the action was commenced, it was either the holder or assignee of

the underlying note (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *Security Lending, Ltd. v New Realty Corp.*, 142 AD3d at 987; *JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d at 904; *Loancare v Firshing*, 130 AD3d at 789; *Emigrant Bank v Larizza*, 129 AD3d 904, 905 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Dyer Trust 2012-1 v Global World Realty, Inc.*, 140 AD3d 827, 828 [2016]).

Here, the plaintiff established, prima facie, its standing as the holder of the note by demonstrating, through the affidavit of its vice president, Kim Barr, that the original note was physically delivered to the plaintiff in or about December 2008, and was still in its possession at the time it commenced this action in June 2013. Contrary to the defendant's contentions, the plaintiff's submissions, including a copy of the "Note Endorsement" dated December 12, 2008, were sufficient to make a prima facie showing of standing (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Security Lending, Ltd. v New Realty Corp.*, 142 AD3d at 987; *Dyer Trust 2012-1 v Global World Realty, Inc.*, 140 AD3d at 828). The plaintiff further sustained its burden of demonstrating its prima facie entitlement to judgment as a matter of law by submitting copies of the mortgage, the note, and an affidavit of the loan servicer's vice president establishing the defendant's default in repaying the mortgage loan (*see Deutsche Bank Trust Co. Ams. v Garrison*, 147 AD3d at 726; *JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d at 904; *Deutsche Bank Natl. Trust Co. v Abdan*, 131 AD3d at 1002; *HSBC Bank, USA v Hagerman*, 130 AD3d at 683-684).

In opposition, the defendant failed to raise a triable issue of fact. Contrary to the defendant's contention, where, as here, the evidence establishes that the plaintiff had physical possession of the note at the time of the commencement of the action, validity of the various assignments of the mortgage is irrevelant to the issue of standing (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362; *New York Community Bank v McClendon*, 138 AD3d 805, 807 [2016]; *Wells Fargo Bank, N.A. v Charlaff*, 134 AD3d 1099, 1100 [2015]).

The defendant's remaining contentions are without merit. Leventhal, J.P., Hinds-Radix, LaSalle and Brathwaite Nelson, JJ., concur.