In an action to foreclose a mortgage, the defendants Wellington Roy Mahoney, Jr., and Reddrick Mahoney appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Marber, J.), entered May 4, 2015, as granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against them and an order of reference, and, in effect, denied the cross motion of the defendant Wellington Roy Mahoney, Jr., for summary judgment dismissing the complaint insofar as asserted against him.
 

 Ordered that the appeal by the defendant Reddrick Mahoney is dismissed, as no appeal lies from an order made upon the default of the appealing party (see CPLR 5511); and it is further,
 

 Ordered that the order is affirmed insofar as reviewed; and it is further,
 

 Ordered that one bill of costs is awarded to the plaintiff, payable by the defendants Wellington Roy Mahoney, Jr., and Reddrick Mahoney.
 

 The plaintiff commenced this action to foreclose on a home equity conversion mortgage, also known as a reverse mortgage. The defendant Wellington Roy Mahoney, Jr. (hereinafter Mahoney, Jr.), interposed an answer asserting, inter alia, the affirmative defense of lack of standing. The plaintiff subsequently moved for summary judgment on the complaint and an order of reference, and to amend the caption in the action to substitute Reddrick Mahoney as a defendant in lieu of John Doe No. 1. Mahoney, Jr., opposed the motion, and cross-moved for summary judgment dismissing the complaint insofar as asserted against him, arguing that the plaintiff lacked standing and had failed to comply with the notice requirement of RPAPL 1303. The Supreme Court granted the plaintiff’s motion and, in effect, denied Mahoney, Jr.’s cross motion.
 

 In a residential mortgage foreclosure action, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (see JPMorgan Chase Bank, N.A. v Mantle, 134 AD3d 903 [2015]; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001 [2015]; HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684 [2015]). Where, as here, the plaintiff’s standing has been placed in issue by a defendant’s answer, the plaintiff also must prove its standing as part of its prima facie showing (see Security Lending, Ltd. v New Realty Corp., 142 AD3d 986 [2016]; JPMorgan Chase Bank, N.A. v Mantle, 134 AD3d at 904; Loancare v Firshing, 130 AD3d 787, 789 [2015]; HSBC Bank USA, N.A. v Baptiste, 128 AD3d 773 [2015]). In a foreclosure action, a plaintiff has standing if it is the holder, or the assignee, of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362 [2015]; Security Lending, Ltd. v New Realty Corp., 142 AD3d at 987; JPMorgan Chase Bank, N.A. v Mantle, 134 AD3d at 904; Loancare v Firshing, 130 AD3d at 789; Emigrant Bank v Larizza, 129 AD3d 904, 905 [2015]). Either a written assignment of the underlying note or the physical delivery of the note is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828 [2016]; U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754 [2009]).
 

 RPAPL 1303 requires that a notice titled “Help for Homeowners in Foreclosure” be delivered with the summons and complaint in residential foreclosure actions involving owner-occupied, one-to-four family dwellings (see Prompt Mtge. Providers of N. Am., LLC v Singh, 132 AD3d 833, 833 [2015]). Proper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint (see Prompt Mtge. Providers of N. Am., LLC v Singh, 132 AD3d 833 [2015]; Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 98 [2011]; First Natl. Bank of Chicago v Silver, 73 AD3d 162, 165-166 [2010]).
 

 Here, in support of its motion, the plaintiff submitted an affidavit from its assistant secretary which established, prima facie, that the plaintiff had standing to prosecute this action by virtue of its possession of the note at the time of the commencement of this action (see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362). The plaintiff further established its prima facie entitlement to judgment as a matter of law by producing copies of the mortgage, the unpaid note, the assistant secretary’s affidavit attesting to the mortgagor’s default, and affidavits of service attesting to the proper service of notices that complied with RPAPL 1303.
 

 In opposition, Mahoney, Jr., failed to raise a triable issue of fact. An affidavit from Mahoney, Jr., containing a bare and unsubstantiated denial of receipt of the RPAPL 1303 notice was insufficient to rebut the presumption of proper service created by the process server’s affidavits of service (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 103).
 

 Accordingly, the Supreme Court properly granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against the appellants and an order of reference and, in effect, denied Mahoney, Jr.’s cross motion for summary judgment dismissing the complaint insofar as asserted against him.
 

 Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.