US Bank N.A. v Sims (2018 NY Slip Op 04374)





US Bank N.A. v Sims


2018 NY Slip Op 04374


Decided on June 13, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 13, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
SANDRA L. SGROI
FRANCESCA E. CONNOLLY, JJ.


2015-10399
 (Index No. 40/10)

[*1]US Bank National Association, etc., respondent,
v
Janice Sims, appellant, et al., defendant.


Law Office of Todd P. Arbesfeld, PLLC, Merrick, NY, for appellant.
Hogan Lovells US LLP, New York, NY (Suzanne Novak, David Dunn, and Chava Brandriss of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Janice Sims appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered July 13, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Janice Sims, to strike her answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Janice Sims, to strike her answer, and for an order of reference are denied, and so much of an order entered July 17, 2015, as granted the same relief and referred the matter to a referee to compute the amount due to the plaintiff is vacated.
On February 13, 2006, the defendant Janice Sims (hereinafter the defendant) executed a note in the sum of $410,000 in favor of EquiFirst Corporation, which was secured by a mortgage on property she owned in Plainview. In October 2009, the mortgage was assigned to the plaintiff. After the defendant allegedly defaulted on her mortgage payments, the plaintiff commenced this action to foreclose the mortgage by summons and complaint dated December 31, 2009, against, among others, the defendant. The complaint alleged that the plaintiff complied with RPAPL 1304. In her answer, the defendant asserted several affirmative defenses, including that the plaintiff failed to comply with RPAPL 1303 and RPAPL 1304.
The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. In an order dated July 8, 2015, and entered July 13, 2015, the Supreme Court granted the plaintiff's motion. The court issued a second order, also dated July 8, 2015, and entered July 17, 2015, granting the same relief and referring the matter to a referee to compute the amount due to the plaintiff.
"RPAPL 1303 requires that a notice titled Help for Homeowners in Foreclosure' be delivered with the summons and complaint in residential foreclosure actions involving owner- occupied, one-to-four family dwellings" (Onewest Bank, N.A. v Mahoney, 154 AD3d 770, 771; see Prompt Mtge. Providers of N. Am., LLC v Singh, 132 AD3d 833). "Proper service of an RPAPL 1303 notice is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint" (Onewest Bank, N.A. v Mahoney, 154 AD3d [*2]at 771; see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 98). Here, contrary to the defendant's contention, the plaintiff established, prima facie, that it provided notice in compliance with RPAPL 1303 by submitting the process server's affidavit of service on the defendant, in which the process server stated that he served the summons and complaint together with "the Notice required by RPAPL Section 1303, which Notice, as served, was printed on blue paper, the title of the Notice appeared to be in bold 20-point type, and the text appeared to be in bold, 14-point type" (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 827-828; Onewest Bank, N.A. v Mahoney, 154 AD3d at 772). In opposition, the defendant failed to raise a triable issue of fact.
However, the plaintiff failed to establish, prima facie, that it strictly complied with RPAPL 1304. "[P]roper service of RPAPL 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action, and the plaintiff has the burden of establishing satisfaction of this condition" (Aurora Loan Servs., LLC v Weisblum, 85 AD3d at 106; see Flagstar Bank, FSB v Damaro, 145 AD3d 858, 860). Here, contrary to the plaintiff's contention, the "affidavit of mailing" of a vice president for loan documentation of its loan servicer was insufficient to establish that the notice was sent to the defendant in the manner required by RPAPL 1304, as the loan servicer did not provide proof of a standard office mailing procedure and provided no independent proof of the actual mailing (see J.P. Morgan Mtge. Acquisition Corp v Kagan, 157 AD3d 875, 876; U.S. Bank N.A. v Henry, 157 AD3d 839, 841-842; Wells Fargo Bank, N.A. v Lewczuk, 153 AD3d 890, 892; Citibank, N.A. v Wood, 150 AD3d 813, 814). Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, without regard to the sufficiency of the defendant's opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320, 324).
In light of our determination, we need not reach the defendant's remaining contentions.
AUSTIN, J.P., ROMAN, SGROI and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court