James B. Nutter & Co. v Feintuch (2018 NY Slip Op 05582)





James B. Nutter & Co. v Feintuch


2018 NY Slip Op 05582


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-02317
 (Index No. 9783/13)

[*1]James B. Nutter & Company, respondent, 
v
Eric H. Feintuch, etc., appellant, et al., defendants.


Zisholtz & Zisholtz, LLP, Mineola, NY (Meng Cheng of counsel), for appellant.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (Robert H. King of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Eric H. Feintuch, as successor trustee of the Bernard Feintuch Living Trust, appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 30, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference, denied that defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him, and referred the matter to a referee to compute the amount due to the plaintiff and to "examine and report" whether the mortgaged premises should be sold in parcels.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against Eric H. Feintuch, as successor trustee of the Bernard Feintuch Living Trust (hereinafter the defendant), among others, to foreclose on a home equity conversion mortgage, also known as a reverse mortgage. After the defendant answered, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him. The Supreme Court granted the motion and denied the cross motion. The defendant appeals, and we affirm the order insofar as appealed from.
A plaintiff in a residential mortgage foreclosure action establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default (see Onewest Bank, N.A. v Mahoney, 154 AD3d 770, 771; JPMorgan Chase Bank, N.A. v Mantle, 134 AD3d 903; Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001; HSBC Bank, USA v Hagerman, 130 AD3d 683, 683-684). Here, in support of its motion, the plaintiff submitted the reverse mortgage, the note, and the affidavit of its vice president, who attested to the default in the payment of real estate taxes and hazard insurance on the subject property. In opposition, the defendant failed to raise a triable issue of fact (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324).
Accordingly, we agree with the Supreme Court's determination to grant those [*2]branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference, and deny the defendant's cross motion for summary judgment dismissing the complaint insofar as asserted against him.
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court