Wells Fargo Bank, N.A. v Bedell (2020 NY Slip Op 04891)





Wells Fargo Bank, N.A. v Bedell


2020 NY Slip Op 04891


Decided on September 2, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 2, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
COLLEEN D. DUFFY, JJ.


2018-09226
 (Index No. 16603/12)

[*1]Wells Fargo Bank, N.A., respondent,
v
William Bedell, etc., appellant.


Jeffrey Herzberg, P.C., Hauppauge, NY, for appellant.
Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Mark Golab of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant appeals from an order of the Supreme Court, Suffolk County (Howard H. Heckman, Jr., J.), dated June 13, 2018. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference are denied.
On May 7, 2007, the defendant executed a note in the principal sum of $336,000. The note was secured by a mortgage on certain residential property located in Islip. The defendant allegedly defaulted by failing to make the monthly payment due on November 1, 2011, and all payments thereafter.
In 2012, the plaintiff commenced the instant foreclosure action. The defendant interposed an answer in which he alleged several affirmative defenses, including that the plaintiff failed to comply with RPAPL 1304. Thereafter, the plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and to appoint a referee to compute amounts due. In an order dated September 20, 2017, the Supreme Court granted the plaintiff's cross motion to the extent of dismissing all of the affirmative defenses in the defendant's answer, with the sole exception of the affirmative defense alleging the plaintiff's failure to comply with RPAPL 1304.
The plaintiff then moved, inter alia, for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference. In an order dated June 13, 2018, the Supreme Court, among other things, granted those branches of the motion. The defendant appeals.
RPAPL 1304(1) provides that, "at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, . . . including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower." "The [*2]statute further provides the required content for the notice and provides that the notice must be sent by registered or certified mail and also by first-class mail to the last known address of the borrower" (Citibank, N.A. v Conti-Scheurer, 172 AD3d 17, 20; see RPAPL 1304[2]). "Strict compliance with RPAPL 1304 notice to the borrower or borrowers is a condition precedent to the commencement of a foreclosure action" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20; see U.S. Bank N.A. v Cope, 175 AD3d 527, 529). "By requiring the lender or mortgage loan servicer to send the RPAPL 1304 notice by registered or certified mail and also by first-class mail, the Legislature implicitly provided the means for the plaintiff to demonstrate its compliance with the statute, i.e., by proof of the requisite mailing, which can be established with proof of the actual mailings, such as affidavits of mailing or domestic return receipts with attendant signatures, or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, sworn to by someone with personal knowledge of the procedure" (Citibank, N.A. v Conti-Scheurer, 172 AD3d at 20-21 [internal quotation marks omitted]; see Wells Fargo Bank, NA v Mandrin, 160 AD3d 1014, 1016).
Here, the plaintiff failed to establish, prima facie, that it complied with RPAPL 1304 (see U.S. Bank N.A. v Cope, 175 AD3d at 529; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). In support of the motion, the plaintiff submitted, inter alia, the affidavit of Sherry W. McManus, a Vice President of Loan Documentation for the plaintiff. Although McManus stated in her affidavit that the RPAPL 1304 notice was mailed by regular and certified mail, and attached copies of the notice, the plaintiff failed to attach, as exhibits to the motion, any documents establishing that the notice was actually mailed (see U.S. Bank N.A. v Cope, 175 AD3d at 529; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; U.S. Bank N.A. v Offley, 170 AD3d 1240, 1242). Specifically, the plaintiff failed to submit a copy of any United States Post Office document indicating that the notice was sent by registered or certified mail as required by the statute (see Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21). Further, although McManus attested that she had personal knowledge of the plaintiff's mailing practices, the substance of her affidavit was contradicted by the documents attached to it that purportedly evidenced the plaintiff's compliance with RPAPL 1304, and her averments were contradicted by those made in another affidavit submitted by the plaintiff in support of its motion (see Cenlar, FSB v Censor, 139 AD3d 781, 783). Since the plaintiff failed to provide evidence of the actual mailing, or reliable evidence of a standard office mailing procedure designed to ensure that the items were properly addressed and mailed, sworn to by someone with personal knowledge of the procedure, the plaintiff failed to establish its strict compliance with RPAPL 1304 (see U.S. Bank N.A. v Cope, 175 AD3d at 529; Citibank, N.A. v Conti-Scheurer, 172 AD3d at 21; see also Cenlar, FSB v Censor, 139 AD3d at 783).
Since the plaintiff failed to meet its prima facie burden, those branches of its motion which were for summary judgment on the complaint, to strike the defendant's answer, and for an order of reference should have been denied, regardless of the sufficiency of the defendant's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, we need not address the defendant's remaining contentions.
RIVERA, J.P., ROMAN, HINDS-RADIX and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court