US Bank N.A. v Kohn (2020 NY Slip Op 07120)





US Bank N.A. v Kohn


2020 NY Slip Op 07120


Decided on November 25, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 25, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOSEPH J. MALTESE
HECTOR D. LASALLE
LINDA CHRISTOPHER, JJ.


2018-08285
 (Index No. 4287/10)

[*1]US Bank National Association, etc., appellant- respondent, 
v
Sidonia Kohn, etc., respondent- appellant, et al., defendants.


Gross Polowy, LLC, Westbury, NY (Stephen J. Vargas and John J. Ricciardi of counsel), for appellant-respondent. 
Henry Kohn, Brooklyn, NY, for respondent-appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals, and the defendant Sidonia Kohn cross-appeals, from an order of the Supreme Court, Kings County (Peter P. Sweeney, J.), dated August 28, 2017. The order, insofar as appealed from, upon reargument, adhered to a prior determination in an order of the same court dated February 9, 2015, denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Sidonia Kohn and for an order of reference. The order, insofar as cross-appealed from, determined that the plaintiff established its standing to commence this action.
ORDERED that the cross appeal is dismissed, as the defendant Sidonia Kohn is not aggrieved by the portion of the order cross-appealed from (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144); and it is further,
ORDERED that the order dated August 28, 2017, is affirmed insofar as appealed from; and it is further,
ORDERED that one bill of costs is awarded to the defendant Sidonia Kohn.
On May 2, 2007, the defendant Sidonia Kohn (hereinafter the defendant) executed a consolidated note in the sum of $450,000 in favor of MortgageIt, Inc., which was secured by a consolidated mortgage on real property in Brooklyn. On February 10, 2010, the consolidated mortgage was assigned to the plaintiff.
On February 19, 2010, the plaintiff commenced this mortgage foreclosure action against the defendant, among others. Subsequently, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-moved for summary judgment dismissing the complaint insofar as asserted against her on the ground that the plaintiff did not have standing to commence the action. In an order dated February 9, 2015, the Supreme Court denied the motion and the cross motion.
Thereafter, the plaintiff moved for leave to renew and reargue its motion. By order dated August 28, 2017, the Supreme Court granted leave to reargue, and, upon reargument, adhered [*2]to its prior determination. In doing so, the court determined that the defendant had raised a triable issue of fact as to whether she was served with RPAPL 1303 notice, but also determined that the plaintiff had established its standing to commence the action. The plaintiff appeals from so much of the order as, upon reargument, adhered to the prior determination denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant cross-appeals from so much of the order as determined that the plaintiff established its standing to commence the action.
"[P]roper service of an RPAPL 1303 notice, where required, is a condition precedent to the commencement of a foreclosure action, and noncompliance mandates dismissal of the complaint" (Prompt Mtge. Providers of N. Am., LLC v Singh, 132 AD3d 833, 834). Bare and unsubstantiated denial of receipt is insufficient to rebut the presumption of proper service created by the affidavit of service (see Aurora Loan Servs., LLC v Weisblum, 85 AD3d 95, 103). Instead, a defendant must submit "a sworn denial of receipt of service containing specific facts to refute the statements in the affidavit of the process server" in order to rebut the presumption and warrant a hearing (U.S. Bank, N.A. v Peralta, 142 AD3d 988, 988).
Here, the plaintiff met its prima facie burden of establishing that it complied with the RPAPL 1303 notice requirement by submitting an affidavit of service (see Prompt Mtge. Providers of N. Am., LLC v Singh, 132 AD3d at 834). However, the defendant submitted a sworn denial of receipt containing specific facts that refuted the affidavit of service, including that she was in Miami, Florida, the day she was allegedly served, setting forth specific facts of her physical description that she alleged did not match the description in the affidavit of service, and thus, her sworn denial of service rebutted the presumption of proper service and created a triable issue of fact as to whether the plaintiff complied with RPAPL 1303 (see U.S. Bank, N.A. v Peralta, 142 AD3d at 988-989).
The cross appeal must be dismissed because the defendant is not aggrieved by the portion of the order cross-appealed from (see CPLR 5511). Although the court determined in the order cross-appealed from that the plaintiff established its standing to commence the action, the fact that an order "may contain language or reasoning which [a party may] deem adverse to [his or her] interests does not furnish [him or her] with a basis for standing to take an appeal" (Pennsylvania Gen. Ins. Co. v Austin Powder Co., 68 NY2d 465, 472-473; see CPLR 5511). However, we agree with the defendant's argument that the plaintiff failed to establish standing, and this provides an alternate ground for affirming the court's determination to deny those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545).
The plaintiff's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination, upon reargument, to adhere to its prior determination denying those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
SCHEINKMAN, P.J., MALTESE, LASALLE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court