Structured Asset Sec. Corp. v Edwards (2025 NY Slip Op 05984)

Structured Asset Sec. Corp. v Edwards

2025 NY Slip Op 05984

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
VALERIE BRATHWAITE NELSON
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2024-03463
 (Index No. 619867/23)

[*1]Structured Asset Securities Corporation, etc., respondent, 
v
Jeffrey Edwards, appellant, et al., defendant.

The Ranalli Law Group, PLLC, Hauppauge, NY (Ernest Ranalli of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista and Margarita Gaitas of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Jeffrey Edwards appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated February 1, 2024. The order denied that defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him.
ORDERED that the order is affirmed, with costs.
In April 2023, the plaintiff commenced this action against the defendant Jeffrey Edwards (hereinafter the defendant), among others, to foreclose a mortgage encumbering certain real property located in Huntington. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground, inter alia, that the plaintiff failed to comply with the notice requirement of RPAPL 1303. The plaintiff opposed the motion. In an order dated February 1, 2024, the Supreme Court denied the motion. The defendant appeals, contending that the court erred in denying his motion on the ground of compliance with RPAPL 1303. We affirm.
RPAPL 1303 requires, in relevant part, that a notice to the mortgagor titled "Help for Homeowners in Foreclosure" be "delivered" with the summons and complaint (id. § 1303[2], [3]). Noncompliance with the statute mandates dismissal of the complaint (see Onewest Bank, N.A. v Mahoney, 154 AD3d 770, 771; First Natl. Bank of Chicago v Silver, 73 AD3d 162, 165-166).
Here, the submissions in support of the defendant's motion included a process server's affidavit, which established that the RPAPL 1303 notice was delivered with the summons and complaint (see U.S. Bank N.A. v Ahmed, 174 AD3d 661, 664). Contrary to the defendant's contention, there is no requirement pursuant to RPAPL 1303 that the plaintiff also send a copy of the notice by mail (see RPAPL 1303[2]; U.S. Bank N.A. v Ahmed, 174 AD3d at 664).
Accordingly, the Supreme Court properly determined that the plaintiff demonstrated its compliance with the notice requirement of RPAPL 1303 and, thus, properly denied the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against [*2]him.
DUFFY, J.P., BRATHWAITE NELSON, WARHIT and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court