■ LNV CORPORATION, Respondent, v JOVAN FRANCOIS, Appellant, et al., Defendants. [22 NYS3d 543]—

In an action to foreclose a mortgage, the defendant Jovan Francois appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Vaughan, J.), dated June 26, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against him and denied his cross motion for summary judgment dismissing the complaint insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as it was related to the defendant Jovan Francois (hereinafter the appellant) and denied the appellant's cross motion for summary judgment dismissing the complaint insofar as asserted against him. A plaintiff in a mortgage foreclosure action establishes its prima facie entitlement to

judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the defendant's default (*see Loancare v Firshing*, 130 AD3d 787, 788 [2015]; *Wells Fargo Bank, N.A. v Erobobo*, 127 AD3d 1176, 1177 [2015]; *Wells Fargo Bank, N.A. v DeSouza*, 126 AD3d 965 [2015]; *Citimortgage, Inc. v Chow Ming Tung*, 126 AD3d 841, 842 [2015]; *US Bank N.A. v Weinman*, 123 AD3d 1108, 1109 [2014]). Where, as here, a defendant challenges the plaintiff's standing to maintain the action, the plaintiff must also prove its standing as part of its prima facie showing (*see HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983 [2015]; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d 773, 774 [2015]; *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced (*see Bank of Am., N.A. v Paulsen*, 125 AD3d 909, 910 [2015]; *US Bank N.A. v Faruque*, 120 AD3d 575, 577 [2014]).

Contrary to the appellant's contention, the plaintiff established its standing as the holder of the note by submitting the affidavit of its representative demonstrating that the note was physically delivered to it and remained in its possession at the time this foreclosure action was commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361-362 [2015]; *Loancare v Firshing*, 130 AD3d at 788; *HSBC Bank USA, N.A. v Sage*, 112 AD3d 1126, 1127 [2013]). Moreover, while the mortgage passes with the note as an incident thereto and is not dispositive in determining the issue of standing (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *Bank of N.Y. v Silverberg*, 86 AD3d 274, 280 [2011]; *U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]), the plaintiff also presented evidence that the mortgage was assigned to it prior to the commencement of the action (*see Loancare v Firshing*, 130 AD3d at 788; *HSBC Bank USA, N.A. v Baptiste*, 128 AD3d at 774). Additionally, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the appellant's default in repayment of the loan (*see Brighton BK, LLC v Kurbatsky*, 131 AD3d 1000, 1001 [2015]; *Emigrant Bank v Larizza*, 129 AD3d 904, 905 [2015]). The appellant failed to raise a triable issue of fact in opposition to the plaintiff's prima facie showing.

The appellant's remaining contentions are without merit. Mastro, J.P., Dickerson, Roman and Maltese, JJ., concur.