■ RBS Citizens, N.A., Formerly Known as Citizens Bank, N.A., Successor by Merger to Charter One Bank, N.A., Formerly Known as Charter One Bank, FSB, Successor by Merger to Albank, FSB, Formerly Known as Albany Savings Bank, FSB, Respondent, v Jeffrey Galperin et al., Appellants, et al., Defendants. [23 NYS3d 307]—

In an action to foreclose a mortgage, the defendants Jeffrey Galperin and Sallie Galperin appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Giacomo, J.), entered November 12, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute.

Ordered that the order is affirmed insofar as appealed from, with costs.

In January 2009, the plaintiff commenced this action to foreclose a mortgage on real property located in Rye and owned by the defendants Jeffrey Galperin and Sallie Galperin (hereinafter together the appellants). Although a judgment of foreclosure and sale was entered in January 2011, followed in May 2011 by an amended judgment of foreclosure and sale, the Supreme Court, in an order dated January 30, 2012, upon a written stipulation between the plaintiff and the appellants dated January 17, 2012, vacated the judgment of foreclosure and sale, as amended, and directed the appellants to answer the complaint. The appellants interposed an answer dated February 15, 2012. In the answer, they denied knowledge or information sufficient to form a belief as to the plaintiff's specific allegation in the complaint that the plaintiff had complied with a provision in the mortgage contract which required a 30-day notice to cure. They also asserted an affirmative defense that unspecified required notices were not "adequately given." In an order dated June 3, 2014, the Supreme Court directed the dismissal of the complaint for failure to prosecute. Thereafter, the plaintiff moved, inter alia, to vacate the order dated June 3, 2014, and for summary judg-

ment on the complaint and to appoint a referee to compute. The Supreme Court granted the motion. The appellants now appeal from so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute.

"Generally, '[i]n residential mortgage foreclosure actions . . . a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note, and evidence of the default' " (*TD Bank, N.A. v Mandia*, 133 AD3d 590, 591 [2015], quoting *Midfirst Bank v Agho*, 121 AD3d 343, 347 [2014]). In addition, where it is alleged that the plaintiff has failed to comply with a condition precedent to the enforcement of the mortgage, the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent (*see GMAC Mtge., LLC v Bell*, 128 AD3d 772, 773 [2015]; *Wells Fargo Bank, N.A. v Eisler*, 118 AD3d 982, 983 [2014]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the appellants' default. Additionally, the plaintiff submitted the affidavit of its foreclosure specialist, who expressly confirmed the accuracy of the plaintiff's documents. This affidavit, when read in conjunction with the complaint and other exhibits submitted in support of the motion, established a prima facie case. In opposition, the appellants failed to raise a triable issue of fact (*see TD Bank, N.A. v Mandia*, 133 AD3d at 591).

The appellants' remaining contentions are without merit or have been rendered academic by our determination.

Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint and to appoint a referee to compute. Dillon, J.P., Dickerson, Hinds-Radix and Maltese, JJ., concur.