■ Rose Land and Finance Corp., Respondent, v Neoklis Vassiliades et al., Appellants, et al., Defendants. [36 NYS3d 731]—

In an action to foreclose a mortgage, the defendants Neoklis Vassiliades and Sotera Vassiliades appeal from an order of the Supreme Court, Nassau County (Adams, J.), entered February 24, 2015, which granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference.

Ordered that the order is affirmed, with costs.

In April 2013, the plaintiff commenced this action against,

among others, the defendant Neoklis Vassiliades (hereinafter the defendant) arising out of the defendant's default in meeting his payment obligations pursuant to a note and mortgage both dated June 14, 2007. Thereafter, the defendant interposed an answer and alleged, as an affirmative defense, that the plaintiff lacked standing. In an order entered February 24, 2015, the Supreme Court granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference.

The Supreme Court properly granted the plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference. The plaintiff established its prima facie entitlement to judgment as a matter of law by producing copies of the unpaid note, the mortgage, and evidence of the defendant's default (see *LNV Corp. v Francois*, 134 AD3d 1071 [2015]; *TD Bank, N.A. v Mandia*, 133 AD3d 590 [2015]).

Since the defendant placed the plaintiff's standing in issue, the plaintiff was also required to provide prima facie proof that it had standing at the time the action was commenced (see *LNV Corp. v Francois*, 134 AD3d at 1072; *Nationstar Mtge., LLC v Wong*, 132 AD3d 825 [2015]). "A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is either the holder or assignee of the underlying note at the time the action is commenced" (*HSBC Bank USA, N.A. v Roumiantseva*, 130 AD3d 983, 984 [2015]; see *Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 360-362 [2015]). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (*U.S. Bank, N.A. v Collymore*, 68 AD3d 752, 754 [2009]; see *YMJ Meserole, LLC v 98 Meserole St., LLC*, 133 AD3d 848, 849 [2015]). Here, the plaintiff established its standing as the holder of the note by submitting evidence including the note, which contained signed endorsements, and the affidavit of its vice president, which stated that the plaintiff obtained physical possession of the note prior to the commencement of the action (see *Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 360-362; *JPMorgan Chase Bank, N.A. v Mantle*, 134 AD3d 903 [2015]; *YMJ Meserole, LLC v 98 Meserole St., LLC*, 133 AD3d at 849). In opposition, the defendant failed to raise a triable issue of fact (see *LNV Corp. v Francois*, 134 AD3d at 1072; *Nationstar Mtge., LLC v Wong*, 132 AD3d at 826).

The appellants' remaining contentions are without merit.

Accordingly, the Supreme Court properly granted the

plaintiff's motion, inter alia, for summary judgment on the complaint and for an order of reference. Dillon, J.P., Chambers, Dickerson and Barros, JJ., concur.