■ EMIGRANT BANK, Formerly Known as EMIGRANT SAVINGS BANK and Another, Respondent, v ANTHONY F. MARANDO et al., Appellants, et al., Defendants. [39 NYS3d 83]—

In an action to foreclose a mortgage, the defendants Anthony F. Marando and Lucia Marando appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated March 10, 2014, as, in effect, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against them and to appoint a referee to compute the amount due and owing under the mortgage.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Anthony F. Marando and Lucia Marando (hereinafter together the defendants) after they failed to make payments pursuant to a 2006 consolidated note and mortgage in the principal sum of $570,000 (hereinafter the note and mortgage). The note and mortgage had been assigned to the plaintiff in 2011, one month before the commencement of the action. In the complaint, the plaintiff alleged that it was the owner and holder of the note and mortgage, that the defendants defaulted under the loan, and that it had provided notice in accordance with RPAPL 1304. The plaintiff subsequently moved for summary judgment, and the Supreme Court granted the motion.

"In residential mortgage foreclosure actions . . . a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note and evidence of the default" (*Midfirst Bank v Agho*, 121 AD3d 343, 347 [2014]; *see RBS Citizens, N.A. v Galperin*, 135 AD3d 735 [2016]; *Emigrant Funding Corp. v Agard*, 121 AD3d 935, 936 [2014]).

Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the note and

mortgage and evidence of the defendants' default in the form of their loan repayment history and the affidavit of the plaintiff's assistant treasurer/foreclosure administrator (*see RBS Citizens, N.A. v Galperin*, 135 AD3d at 736; *Emigrant Funding Corp. v Agard*, 121 AD3d at 936; *Midfirst Bank v Agho*, 121 AD3d at 347). In opposition, the defendants failed to raise a triable issue of fact (*see TD Bank, N.A. v Mandia*, 133 AD3d 590, 591 [2015]).

Contrary to the defendants' contention, by failing to raise the issue of the plaintiff's standing to commence the action by way of specific denials in their answer, by raising lack of standing as an affirmative defense, or by making a pre-answer motion to dismiss based on lack of standing, they waived the issue (*see South Point, Inc. v Rana*, 139 AD3d 935, 935-936 [2016]; *One W. Bank, FSB v Vanderhorst*, 131 AD3d 1028 [2015]; *JP Morgan Chase Bank, N.A. v Butler*, 129 AD3d 777, 780 [2015]).

The defendants' contentions regarding the plaintiff's failure to comply with conditions precedent to the action were waived (*see Matter of Metlife Auto & Home v Pennella*, 10 AD3d 726, 726 [2004]) or improperly raised for the first time on appeal (*see PHH Mtge. Corp. v Celestin*, 130 AD3d 703, 704 [2015]; *Federal Natl. Mtge. Assn. v Cappelli*, 120 AD3d 621, 622 [2014]), or are without merit. Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.