■ CASTLE PEAK 2012-1 LOAN TRUST MORTGAGE BACKED NOTES, SERIES 2012-1, by U.S. BANK NATIONAL ASSOCIATION, as Indenture Trustee Title Vested in Name of CPCA TRUST 1,

Respondent, v MARIANNE SOTTILE, Appellant, et al., Defendants. [46 NYS3d 161]—

In an action to foreclose a mortgage, the defendant Marianne Sottile appeals from (1) an order of the Supreme Court, Orange County (Freehill, J.), dated June 11, 2015, which granted the plaintiff's motion, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale, and denied her motion to dismiss the complaint insofar as asserted against her, and (2) a judgment of foreclosure and sale of the same court entered July 17, 2015, which, upon so much of an order of the same court dated June 16, 2014, as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference, and upon the order dated June 11, 2015, inter alia, directed the sale of the subject property.

Ordered that the appeal from the order dated June 11, 2015, is dismissed; and it is further,

Ordered that the judgment of foreclosure and sale is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from the order dated June 11, 2015, must be dismissed because the right of direct appeal therefrom terminated with entry of the judgment of foreclosure and sale in the action (see Matter of Aho, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order dated June 11, 2015, are brought up for review and have been considered on the appeal from the judgment of foreclosure and sale (see CPLR 5501 [a] [1]).

The defendant Marianne Sottile (hereinafter the defendant) executed a note and mortgage in favor of BankUnited, FSB. The mortgage was secured by residential property located in Goshen. After the defendant defaulted on her obligations under the note and mortgage, BankUnited, a successor-in-interest to BankUnited, FSB, commenced this action to foreclose the mortgage. BankUnited moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, for an order of reference, and for leave to amend the caption to substitute Castle Peak 2012-1 Loan Trust Mortgage Backed Notes, Series 2012-1 (hereinafter Castle Peak), as the plaintiff. In an order dated June 16, 2014, the Supreme Court granted the motion.

Thereafter, Castle Peak moved, inter alia, to confirm a referee's report and for a judgment of foreclosure and sale, and

the defendant moved to dismiss the complaint insofar as asserted against her. In an order dated June 11, 2015, the Supreme Court granted Castle Peak's motion and denied the defendant's motion. The court then entered a judgment of foreclosure and sale.

Contrary to the defendant's contention, the Supreme Court properly granted those branches of BankUnited's motion which were for summary judgment on the complaint insofar as asserted against her and for an order of reference. The defendant waived the issue of BankUnited's standing to commence the action by failing to assert specific denials in her answer, to raise lack of standing as an affirmative defense in her answer, or to make a pre-answer motion to dismiss the complaint on the ground of lack of standing (*see Emigrant Bank v Marando*, 143 AD3d 856, 857 [2016]; *South Point, Inc. v Rana*, 139 AD3d 935, 935-936 [2016]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 240 [2007]).

Moreover, there is no merit to the defendant's contention that she should have been granted leave to amend her answer to assert the affirmative defense of lack of standing. In the absence of prejudice or surprise resulting directly from the delay in seeking leave, applications for leave to amend a pleading are to be freely granted "unless the proposed amendment is palpably insufficient or patently devoid of merit" (*Lucido v Mancuso*, 49 AD3d 220, 222 [2008]; *see* CPLR 3025 [b]; *Davis v South Nassau Communities Hosp.*, 26 NY3d 563, 580 [2015]). Here, the proposed amendment was patently devoid of merit. BankUnited established that it was the holder of the note and mortgage at the time of commencement of the action and, therefore, had standing to commence the action (*see JP Morgan Chase Bank, N.A. v Schott*, 130 AD3d 875 [2015]; *JP Morgan Chase Bank, N.A. v Shapiro*, 104 AD3d 411, 412 [2013]; *JP Morgan Chase Bank N.A. v Miodownik*, 91 AD3d 546, 547 [2012]).

The defendant's contention that the Supreme Court should have dismissed the complaint as abandoned is improperly raised for the first time on appeal. The defendant's remaining contentions are without merit. Dillon, J.P., Hinds-Radix, Maltese and Barros, JJ., concur.