In an action to foreclose a mortgage, the defendant Patrick A. Gentile appeals from an order of the Supreme Court, Nassau County (Adams, J.), entered June 9, 2015, which granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference.
 

 Ordered that the order is affirmed, with costs.
 

 The plaintiff commenced this action to foreclose a mortgage executed by the defendants Patrick A. Gentile and Anna Krasovic. Gentile, the only defendant to interpose an answer, generally denied the allegations of the complaint, and did not assert any affirmative defenses or make a pre-answer motion to dismiss the complaint on the ground of lack of standing. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against Gentile, for an order of reference, for leave to enter a default judgment against the nonanswering defendants, and for leave to amend the caption to substitute a successor-in-interest as the plaintiff. The Supreme Court granted those branches of the motion which were for summary judgment and for an order of reference. Gentile appeals.
 

 Contrary to Gentile’s contention, the Supreme Court properly granted those branches of the plaintiff’s motion which were for summary judgment on the complaint insofar as asserted against him and for an order of reference. “ ‘To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default’ ” (Citigroup v Kopelowitz, 147 AD3d 1014, 1015 [2017], quoting JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644 [2016]; see HSBC Bank USA, N.A. v Espinal, 137 AB3d 1079 [2016]; HSBC Bank USA, N.A. v Spitzer, 131 AD3d 1206, 1207 [2015]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law. It produced copies of the note and mortgage, an assignment of mortgage pursuant to which the original lender assigned the mortgage and note to the plaintiff, and the affidavit of a vice president of the plaintiff’s loan servicer, attesting to the mortgagors’ default based upon his review of “the books and records maintained by Wells Fargo in the ordinary course of business in servicing this loan” and upon his “personal knowledge and review of those business records” (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355 [2015]).
 

 In opposition, Gentile failed to raise a triable issue of fact. Gentile waived the issue of the plaintiff’s standing to commence this action by failing to assert specific denials in his answer, to raise lack of standing as an affirmative defense in his answer, or to make a pre-answer motion to dismiss the complaint on the ground of lack of standing (see Castle Peak 2012-1 Loan Trust Mtge. Backed Notes, Series 2012-1 v Sottile, 147 AD3d 720, 722 [2017]; Emigrant Bank v Marando, 143 AD3d 856, 857 [2016]; South Point, Inc. v Rana, 139 AD3d 935, 935-936 [2016]; Wells Fargo Bank Minn., N.A. v Mastropaolo, 42 AD3d 239, 240 [2007]).
 

 To the extent Gentile argues that the Supreme Court should have denied that branch of the plaintiff’s motion which was to amend the caption to substitute a successor-in-interest as the plaintiff, that branch of the motion was not addressed or determined by the court in the order appealed from. Therefore, it remains pending and undecided (see Federal Natl. Mtge. Assn. v Zapata, 143 AD3d 857, 859 [2016]; Katz v Katz, 68 AD2d 536, 542-543 [1979]).
 

 Gentile’s remaining contention is not properly before this Court.
 

 Dillon, J.P., Leventhal, Hinds-Radix and LaSalle, JJ., concur.