1259 Lincoln Place Corp. v Bank of N.Y. (2018 NY Slip Op 02177)





1259 Lincoln Place Corp. v Bank of N.Y.


2018 NY Slip Op 02177


Decided on March 28, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 28, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SANDRA L. SGROI
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2015-04953
 (Index No. 17193/13)

[*1]1259 Lincoln Place Corp., respondent-appellant,
v
Bank of New York, etc., appellant-respondent; et al., additional counterclaim defendants.


DelBello Donnellan Weingarten Wise & Wiederkehr, LLP, White Plains, NY (Eric J. Mandell and Houser & Allison, APC [Seth D. Weinberg], of counsel), for appellant-respondent.
Rothkrug Rothkrug & Spector, LLP, Great Neck, NY (Simon H. Rothkrug of counsel), for respondent-appellant.



DECISION & ORDER
In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Laura Lee Jacobson, J.), dated March 20, 2015, as granted those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action and dismissing its counterclaim, and denied that branch of its cross motion which was for leave to amend its answer, and the plaintiff cross-appeals from the same order.
ORDERED that the cross appeal is dismissed, without costs or disbursements, as the plaintiff is not aggrieved by the order (see CPLR 5511); and it is further,
ORDERED that the order is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendant's cross motion which was for leave to amend its answer, and substituting therefor a provision granting that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs of disbursements.
The additional counterclaim defendants Omri Vincent Marshall and Phyllis Marshall (hereinafter together the Marshalls) obtained title to property located in Brooklyn at 1259 Lincoln Place in 1988. In March 2008, the Marshalls executed a deed transferring title to the property to the plaintiff, 1259 Lincoln Place Corp. In July 2000, approximately eight years before the Marshalls executed the deed transferring the property to the plaintiff, the additional counterclaim defendant Baron Germaine gave a mortgage on the property to IndyMac Bank, F.S.B. (hereinafter the Germaine mortgage). The Germaine mortgage secured a loan in the amount of $238,500 and eventually was assigned, in 2012, to the defendant, Bank of New York.
In 2013, the plaintiff commenced this action pursuant to RPAPL article 15, seeking, in its first cause of action, to discharge and cancel the Germaine mortgage and, in its second cause of action, to cancel a notice of pendency filed by the defendant in connection with [*2]an action it had commenced to foreclose the Germaine mortgage. The defendant interposed an answer with a counterclaim seeking a determination that the Germaine mortgage was valid. The plaintiff moved for summary judgment, inter alia, on its first and second causes of action and dismissing the counterclaim. The defendant cross-moved, inter alia, for leave to amend its answer to assert a counterclaim for an equitable lien in the amount of at least $200,000, representing the defendant's alleged payment of real estate taxes on the property. The Supreme Court granted the plaintiff's motion and denied the defendant's cross motion. The defendant appeals and the plaintiff cross-appeals; however, the plaintiff's cross appeal must be dismissed because it is not aggrieved by any portion of the order (see CPLR 5511).
To obtain summary judgment in an action to quiet title pursuant to RPAPL article 15, "the movant must establish, prima facie, that it holds title, or that the nonmovant's title claim is without merit" (White Sands Motel Holding Corp. v Trustees of Freeholders & Commonalty of Town of E. Hampton, 142 AD3d 1073, 1074). Here, the plaintiff demonstrated its prima facie entitlement to judgment as a matter of law on the first and second causes of action and dismissing the counterclaim by submitting evidence demonstrating that Germaine never had title to the property. Under the circumstances of this case, the defendant's submission, in opposition, of incomplete copies of alleged deeds purporting to convey title to the property to Germaine failed to raise a triable issue of fact. Accordingly, the plaintiff's motion for summary judgment on the first and second cause of action and dismissing the counterclaim was properly granted.
The Supreme Court improvidently exercised its discretion in denying that branch of the defendant's cross motion which was for leave to amend its answer to assert a counterclaim for an equitable lien of at least $200,000 based upon its alleged payment of real estate taxes. In the absence of "prejudice or surprise resulting directly from the delay in seeking leave" to amend a pleading, such applications "are to be freely granted unless the proposed amendment is palpably insufficient or patently devoid of merit'" (Castle Peak 2012-1 Loan Trust Mtge. Backed Notes, Series 2012-1 v Sottile, 147 AD3d 720, 722, quoting Lucido v Mancuso, 49 AD3d 220, 222; see CPLR 3025[b]; Davis v South Nassau Communities Hosp., 26 NY3d 563, 580). Here, the court denied leave to amend the answer based upon its determination that the defendant had failed to lay a proper foundation, under the business records exception to the hearsay rule, for the admission of a document which allegedly demonstrated that the defendant had paid real estate taxes on the subject property. However, "[n]o evidentiary showing of merit is required under CPLR 3025(b)" (Lucido v Mancuso, 49 AD3d at 229). Since the defendant's proposed counterclaim was not palpably insufficient or patently devoid of merit, and since no prejudice or surprise would result from granting leave to amend the answer, the branch of the defendant's cross motion seeking that relief should have been granted.
The defendant's remaining contention is without merit.
In light of our determination, we need not reach the plaintiff's remaining contentions, which were raised as alternative grounds for affirming so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the first and second causes of action and dismissed the defendant's counterclaim (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545).
DILLON, J.P., SGROI, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court