Property Asset Mgt., Inc. v Souffrant (2018 NY Slip Op 04582)





Property Asset Mgt., Inc. v Souffrant


2018 NY Slip Op 04582


Decided on June 20, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 20, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2016-04616
 (Index No. 19845/06)

[*1]Property Asset Management, Inc., etc., respondent,
v
Pierre Souffrant, et al., appellants, et al., defendants.


Lee M. Nigen, Brooklyn, NY (Ellery Ireland of counsel), for appellants.
Sheldon May & Associates, P.C. (Stim & Warmuth, P.C., Farmingville, NY [Glenn P. Warmuth], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Pierre Souffrant and Shawn C. Joseph appeal from an order of the Supreme Court, Kings County (Noach Dear, J.), dated March 1, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Pierre Souffrant and Shawn C. Joseph and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action to foreclose a mortgage against, among others, the defendants Pierre Souffrant and Shawn C. Joseph (hereinafter together the appellants), after they defaulted in making payments under the terms of a note and mortgage dated December 29, 2004. The appellants interposed an answer generally denying the allegations. In April 2015, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference. In an order dated March 1, 2016, the Supreme Court, among other things, granted those branches of the motion.
In a residential mortgage foreclosure action, a plaintiff establishes its prima facie entitlement to judgment as a matter of law by producing the mortgage and the unpaid note and evidence of the default (see RBS Citizens, N.A. v Galperin, 135 AD3d 735; Emigrant Funding Corp. v Agard, 121 AD3d 935, 936; Midfirst Bank v Agho, 121 AD3d 343, 347).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on the complaint insofar as asserted against the appellants and for an order of reference by producing the note and mortgage and an affidavit of a vice president of the plaintiff's loan servicer, who attested to the appellants' default (see RBS Citizens, N.A. v Galperin, 135 AD3d at 736; Emigrant Funding Corp. v Agard, 121 AD3d at 936; Midfirst Bank v Agho, 121 AD3d at 347). In opposition, the appellants failed to raise a triable issue of fact (see TD Bank, N.A. v Mandia, 133 AD3d 590, 591).
We do not reach the appellants' contention that the plaintiff lacked standing to commence the action, as it is improperly raised for the first time on appeal. The appellants' [*2]remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference.
SCHEINKMAN, P.J., LEVENTHAL, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court