Wells Fargo Bank, N.A. v Inigo (2018 NY Slip Op 05621)





Wells Fargo Bank, N.A. v Inigo


2018 NY Slip Op 05621


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SANDRA L. SGROI
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2016-01242
 (Index No. 130618/13)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Mark John S. Inigo, et al., appellants, et al., defendants.


Mark John S. Inigo and Mercedita S. Inigo, Staten Island, NY, appellants pro se.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Heather R. Gushue of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Mark John S. Inigo and Mercedita S. Inigo appeal from an order of the Supreme Court, Richmond County (Philip S. Straniere, J.), dated December 21, 2015. The order, insofar as appealed from, denied those defendants' motion for leave to amend their answers, denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against those defendants.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against Mark John S. Inigo and Mercedita S. Inigo (hereinafter together the defendants), among others, to foreclose a mortgage secured by certain real property located in Staten Island. The defendants filed separate answers which both asserted, among other affirmative defenses, that the plaintiff lacked standing. Thereafter, the defendants moved for leave to amend their answers. The plaintiff opposed the motion and moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants. The defendants opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court denied the defendants' motion for leave to amend their answers and that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and granted that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against the defendants. The defendants appeal.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1001 [internal quotation marks omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687). Additionally, where, as here, standing is placed in issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff in a mortgage foreclosure action has standing where it is the holder or assignee of the underlying note, either by physical delivery or execution of a written assignment prior to the commencement of the action with the filing of the complaint (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 725).
Here, the plaintiff established that it had standing by demonstrating that it had physical possession of the original note, endorsed to the plaintiff, at the time the action was commenced (see CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074; Rose Land & Fin. Corp. v Vassiliades, 142 AD3d 658, 659; Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 899). Additionally, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the defendants' default in repayment of the loan (see Wells Fargo Bank, N.A. v Gallagher, 137 AD3d at 900).
Contrary to the defendants' contention, the plaintiff demonstrated the admissibility of the business records upon which its vice president of loan documentation relied, under the business records exception to the hearsay rule (see CPLR 4518[a]; Citibank, N.A. v Gentile, 156 AD3d 859, 860; cf. HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 954). Moreover, the plaintiff was not required to give factual details of the delivery of the note in order to establish that possession was obtained prior to a particular date (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; see generally Aurora Loan Servs., LLC v Taylor, 25 NY3d at 362). Finally, the defendants' arguments regarding the assignment of the mortgage are irrelevant to the issue of standing in this case (see Silvergate Bank v Calkula Props., Inc., 150 AD3d 1295, 1296; Wells Fargo Bank, N.A. v Charlaff, 134 AD3d 1099, 1100).
In opposition, the defendants failed to raise a triable issue of fact. For the same reasons, the defendants failed to establish their prima facie entitlement to summary judgment dismissing the complaint insofar as asserted against them.
The Supreme Court providently exercised its discretion in denying the defendants' motion for leave to amend their answers (see CPLR 3025; Bloom v Lugli, 102 AD3d 715, 718).
LEVENTHAL, J.P., SGROI, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court