Wells Fargo Bank, N.A. v Heiney (2019 NY Slip Op 00636)





Wells Fargo Bank, N.A. v Heiney


2019 NY Slip Op 00636


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2016-00826
 (Index No. 8755/13)

[*1]Wells Fargo Bank, N.A., respondent, 
v
Raymond Heiney, et al., appellants, et al., defendants.


Stephen C. Silverberg, PLLC, Uniondale, NY, for appellants.
Hogan Lovells US LLP, New York, NY (Allison J. Schoenthal, Chava Brandriss, and Heather R. Gushue of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Raymond Heiney, Naema Sharon, also known as Naema Heiney, and Nir Sharon appeal from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered November 5, 2015. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against those defendants and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In July 2013, the plaintiff commenced this action against Raymond Heiney and Naema Sharon, also known as Naema Heiney (hereinafter together the Heiney defendants) and Nir Sharon (hereinafter collectively the appellants), among others, to foreclose a mortgage given by the Heiney defendants and secured by certain property in Nassau County. Nir Sharon is the husband of Naema Sharon and is an occupant of the subject premises. The Heiney defendants interposed an answer in which they asserted, among other things, the affirmative defense that the plaintiff lacked standing and the defense that the plaintiff failed to comply with RPAPL 1304. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint and for an order of reference. The Supreme Court granted the motion.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1001 [internal quotation marks omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687). Moreover, where, as here, standing is placed in issue by a defendant, the plaintiff must prove its standing in order to
be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff in a mortgage foreclosure action has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 725).
The plaintiff established, prima facie, its standing to commence this action by demonstrating that it had physical possession of the original note, endorsed in blank, at the time the action was commenced (see Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545; CitiMortgage, Inc. v McKinney, 144 AD3d 1073, 1074). Moreover, the plaintiff established its prima facie entitlement to judgment as a matter of law by producing the mortgage, the unpaid note, and evidence of the default in repayment of the loan (see Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545). In opposition, [*2]the appellants failed to raise a triable issue of fact.
Contrary to the appellants' contention, the plaintiff demonstrated the admissibility of the business records upon which its vice president of loan documentation relied in her affidavit submitted in support of the motion, under the business records exception to the hearsay rule (see CPLR 4518[a]; Wells Fargo Bank, N.A. v Inigo, 164 AD3d 545; Citibank, N.A. v Gentile, 156 AD3d 859, 860). Moreover, the plaintiff was not required to give factual details of the delivery of the note in order to establish that possession was obtained prior to a particular date (see HSBC Bank USA, N.A. v Ozcan, 154 AD3d 822, 824; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Further, since the plaintiff established that it had physical possession of the note at the time of commencement of the action, the validity of the assignments of the mortgage was irrelevant to the issue of standing (see Mariners Atl. Portfolio, LLC v Hector, 159 AD3d 686, 687-688; Silvergate Bank v Calkula Props., Inc., 150 AD3d 1295, 1296).
In addition, the plaintiff's vice president of loan documentation described in her affidavit the plaintiff's standard business practice with regard to sending RPAPL 1304 90-day notices to borrowers. The affidavit detailed the procedures of electronically recording, printing, and dating the notices, appending a list of approved housing counseling agencies to them, placing the notices in properly addressed certified and first-class mailing envelopes, and sealing the envelopes and delivering them to the United States Postal Service for mailing. The plaintiff also submitted copies of the RPAPL 1304 notices sent to the Heiney defendants and copies of a certified mail receipt and a domestic return receipt. Therefore, the plaintiff tendered sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304 (see Nationstar Mtge., LLC v LaPorte, 162 AD3d 784, 786; Flagstar Bank, FSB v Mendoza, 139 AD3d 898, 900). In opposition, the appellants failed to raise a triable issue of fact.
Accordingly, we agree with the Supreme Court's determination to grant those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the appellants and for an order of reference.
MASTRO, J.P., RIVERA, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court