Wells Fargo Bank, N.A. v Grosz (2019 NY Slip Op 05182)





Wells Fargo Bank, N.A. v Grosz


2019 NY Slip Op 05182


Decided on June 26, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOHN M. LEVENTHAL
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2016-07603
 (Index No. 30/14)

[*1]Wells Fargo Bank, N.A., respondent,
v
Chaya Grosz, et al., appellants, et al., defendants.


Lawrence Katz, PLLC, Valley Stream, NY, for appellants.
Rosicki, Rosicki & Associates, P.C., Plainview, NY (William Knox of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a consolidated mortgage, the defendants Chaya Grosz and Robert Grosz appeal from an order and judgment (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered April 13, 2018. The order and judgment granted the plaintiff's motion to confirm a referee's report and, inter alia, directed the foreclosure sale of the subject property. The appeal brings up for review an order of the same court entered May 19, 2016, which granted the plaintiff's motion, among other things, for summary judgment on the complaint insofar as asserted against the defendants Chaya Grosz and Robert Grosz, and for an order of reference, and referred the matter to a referee to ascertain and compute the amount due to the plaintiff.
ORDERED that the order and judgment is affirmed, with costs.
The plaintiff commenced this action to foreclose a consolidated mortgage encumbering certain property in Lawrence. The defendants Chaya Grosz and Robert Grosz (hereinafter together the defendants) interposed an answer denying the allegations in the complaint and asserting various affirmative defenses including lack of standing. After the matter was released from the foreclosure settlement part, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, and for an order of reference. The defendants opposed the motion. By order entered May 19, 2016, the Supreme Court granted the motion, struck the defendants' answer, and referred the matter to a referee to ascertain and compute the amount due. On April 13, 2018, the court entered an order and judgment of foreclosure and sale in favor of the plaintiff, among other things, directing the foreclosure sale of the property. The defendants appeal, arguing that the plaintiff's motion should have been denied because the plaintiff failed to establish standing and compliance with RPAPL 1304.
A plaintiff has standing in a mortgage foreclosure action when it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684). "Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation, and the mortgage passes with the debt as an inseparable incident" (U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754; [*2]see Aurora Loan Servs., LLC v Taylor, 25 NY3d at 361-362; Dyer Trust 2012-1 v Global World Realty, Inc., 140 AD3d 827, 828).
Here, the plaintiff established, prima facie, its standing to commence the action by submitting the consolidated note, which bears an undated specific endorsement to the plaintiff, and the affidavit of its vice president of loan documentation, who attested that the consolidated note was in the plaintiff's possession at the time of commencement of the action (see U.S. Bank N.A. v Offley, 170 AD3d 1240, 1241). In opposition to the plaintiff's prima facie showing, the defendants failed to raise a triable issue of fact as to whether the plaintiff had standing (see Bank of Am., N.A. v Cord, 168 AD3d 896, 899).
Accordingly, we agree with the Supreme Court's determination granting the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference.
The defendants' contention that the plaintiff did not strictly comply with the terms of RPAPL 1304 is improperly raised for the first time on appeal (see Emigrant Bank v Marando, 143 AD3d 856, 857; PHH Mtge. Corp. v Celestin, 130 AD3d 703, 704).
DILLON, J.P., LEVENTHAL, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court