US Bank Natl. Assn. v Hunte (2019 NY Slip Op 07311)





US Bank Natl. Assn. v Hunte


2019 NY Slip Op 07311


Decided on October 9, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
LINDA CHRISTOPHER, JJ.


2017-00960
 (Index No. 18220/09)

[*1]US Bank National Association, etc., respondent,
v
Marcia E. Hunte, et al., appellants, et al., defendants.


Carl E. Person, New York, NY, for appellants.
Hogan Lovells US LLP, New York, NY (David Dunn, Chava Brandriss, and Leah Edmunds of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendants Marcia E. Hunte and Alfred Hunte appeal from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), entered November 29, 2016. The order, upon a decision of the same court dated April 7, 2016, insofar as appealed from, (1), upon renewal, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Marcia E. Hunte, to dismiss that defendant's affirmative defenses, and for an order of reference, which had been denied in an order of the same court dated March 2, 2015, and, (2), in effect, denied those branches of the cross motion of the defendants Marcia E. Hunte and Alfred Hunte which were pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them and to cancel the notice of pendency.
ORDERED that the order entered November 29, 2016, is modified, on the law, by deleting the provision thereof, upon renewal, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Marcia E. Hunte, to dismiss that defendant's affirmative defenses, and for an order of reference, and substituting therefor a provision, upon renewal, adhering to the determination in the order dated March 2, 2015, denying those branches of the plaintiff's motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In February 2006, the defendant Marcia E. Hunte borrowed the sum of $466,400 from New Century Mortgage Corporation (hereinafter New Century). The loan was memorialized by a note and secured by a mortgage on certain property located in Far Rockaway. The defendant Alfred Hunte is Marcia's spouse (hereinafter together with Marcia, the Hunte defendants) and a resident of the subject property, but was not a signatory to the note and mortgage.
Pursuant to a trust agreement dated June 1, 2006, the mortgage loan was assigned to the Trustee, the plaintiff, US Bank National Association.
In July 2009, upon Marcia's alleged default in payment, the plaintiff commenced this action against Marcia, among others, to foreclose the mortgage. Marcia served an answer asserting [*2]various affirmative defenses, including lack of standing, as well as a counterclaim. Alfred did not answer the complaint or otherwise appear in the action.
After the matter was released from the mandatory foreclosure settlement conference part, the plaintiff moved, inter alia, for summary judgment on the complaint, to dismiss Marcia's affirmative defenses, and for an order of reference. Marcia opposed the motion and cross-moved pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against her. The plaintiff opposed the cross motion. In an order dated March 2, 2015, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Marcia, to dismiss her affirmative defenses, and for an order of reference on the ground that the plaintiff failed to submit a copy of the RPAPL 1303 notice allegedly served upon her.
Thereafter, the plaintiff moved, inter alia, for leave to renew its summary judgment motion based upon the submission of a supplemental affidavit of its process server and an attached copy of the RPAPL 1303 notice served in the action. The Hunte defendants opposed the motion and cross-moved pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them. In an order entered November 29, 2016, upon a decision dated April 7, 2016, the Supreme Court, inter alia, upon renewal, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Marcia, to dismiss Marcia's affirmative defenses, and for an order of reference and, in effect, denied the cross motion. The Hunte defendants appeal.
" Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default'" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684, quoting Plaza Equities, LLC v Lamberti, 118 AD3d 688, 689). "On its motion for summary judgment, a plaintiff has the burden of establishing, by proof in admissible form, its prima facie entitlement to judgment as a matter of law" (HSBC Mtge. Servs., Inc. v Royal, 142 AD3d 952, 953-954). Where the plaintiff's standing to commence the action is placed in issue by a defendant, the plaintiff must establish its standing to be entitled to relief (see U.S. Bank, N.A. v Godwin, 137 AD3d 1260, 1261). " A plaintiff establishes its standing in a mortgage foreclosure action by demonstrating that it is the holder or assignee of the underlying note at the time the action is commenced'" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d 772, 773, quoting LNV Corp. v Francois, 134 AD3d 1071, 1072). " Either a written assignment of the underlying note or the physical delivery of the note prior to the commencement of the foreclosure action is sufficient to transfer the obligation'" (U.S. Bank N.A. v 22 S. Madison, LLC, 170 AD3d at 773-774, quoting U.S. Bank, N.A. v Collymore, 68 AD3d 752, 754).
Here, the plaintiff failed to meet its prima facie burden of establishing that it had standing (see U.S. Bank N.A. v Haber, 170 AD3d 775, 776). The affidavits of Andrea Kruse, vice president of loan documentation for Wells Fargo Bank, N.A. (hereinafter Wells Fargo), the plaintiff's servicer, failed to lay the proper foundation under the business records exception to the hearsay rule to support her assertion that the note was transferred to the plaintiff's custodian prior to commencement of the action and remained in the possession of the plaintiff's custodian at the time of commencement (see Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 205; U.S. Bank N.A. v Haber, 170 AD3d at 776; Bank of N.Y. Mellon v Selig, 165 AD3d 872, 873). While, in attempting to rely upon the documentary evidence that was annexed to the motion, Kruse averred in her first affidavit that she reviewed the books and records regularly created, maintained, and kept by Wells Fargo, and in her second affidavit that she reviewed the books and records regularly created, maintained, and kept by the plaintiff, she did not attest that she was personally familiar with the plaintiff's or Wells Fargo's record-keeping practices and procedures, or that the plaintiff's records were incorporated into Wells Fargo's own records or routinely relied upon in its business (see Tri-State Loan Acquisitions III, LLC v Litkowski, 172 AD3d 780, 782-783; Bank of N.Y. Mellon v Gordon, 171 AD3d at 209-210).
Accordingly, the Supreme Court, upon renewal, should have adhered to its original determination denying those branches of the plaintiff's motion which were for summary judgment [*3]on the complaint insofar as asserted against Marcia, to dismiss her affirmative defenses, and for an order of reference, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
We agree with the Supreme Court's determination to deny those branches of the Hunte defendants' cross motion which were pursuant to CPLR 3211(a)(1) to dismiss the complaint insofar as asserted against them based on the plaintiff's alleged failure to comply with RPAPL 1303 and to cancel the notice of pendency.
"To succeed on a motion to dismiss based upon documentary evidence pursuant to CPLR 3211(a)(1), the documentary evidence must utterly refute the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Golia v Vieira, 162 AD3d 865, 867 [internal quotation marks omitted]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326). Here, the evidence submitted by the Hunte defendants did not conclusively establish that the plaintiff failed to comply with RPAPL 1303.
In any event, the plaintiff established, prima facie, that it provided notice in compliance with RPAPL 1303 in effect at the time of commencement of the action (see former RPAPL 1303 [L 2008, ch 472, § 1]). The plaintiff submitted the process server's affidavit of service with respect to Marcia, stating that he served the summons and complaint, together with the "Notice required by RPAPL Section 1303, which Notice, as served, was printed on blue paper, the title of the Notice appeared to be in bold 20-point type, and the text appeared to be in bold, 14-point type" (see former RPAPL 1303[2]). Further, the plaintiff submitted a supplemental affidavit of the process server, to which was attached a copy of the RPAPL 1303 notice that complied with the statutory language and was served upon Marcia.
The plaintiff's remaining contention is without merit.
CHAMBERS, J.P., AUSTIN, DUFFY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court