U.S. Bank N.A. v Kochhar (2019 NY Slip Op 07439)





U.S. Bank N.A. v Kochhar


2019 NY Slip Op 07439


Decided on October 16, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 16, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
HECTOR D. LASALLE
BETSY BARROS, JJ.


2017-02248
 (Index No. 8903/14)

[*1]U.S. Bank National Association, etc., respondent,
v
Pooja Kochhar, appellant, et al., defendants.


Law Office of Maggio & Meyer, Bohemia, NY (Holly C. Meyer of counsel), for appellant.
Duane Morris LLP, New York, NY (Brett L. Messinger of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Pooja Kochhar appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered June 27, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Pooja Kochhar and dismissing that defendant's fifth affirmative defense, and to appoint a referee to compute the amount due to the plaintiff.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Pooja Kochhar and dismissing that defendant's fifth affirmative defense, and to appoint a referee to compute the amount due to the plaintiff are denied.
In February 2006, the defendant Pooja Kochhar (hereinafter the defendant) executed a promissory note secured by a mortgage encumbering real property in Muttontown. The defendant allegedly defaulted on the loan, and the plaintiff commenced this action to foreclose the mortgage against, among others, the defendant. The defendant interposed an answer, asserting, among other things, as a fifth affirmative defense that the plaintiff failed to comply with a condition precedent set forth in the subject mortgage, requiring that the plaintiff provide her with a notice of default prior to accelerating the mortgage.
Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and dismissing the defendant's answer, and to appoint a referee to compute the amount due to the plaintiff. In an order entered June 27, 2016, the Supreme Court granted the plaintiff's motion. The defendant appeals from so much of the order as granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against her and dismissing her fifth affirmative defense, and to appoint a referee.
We agree with the defendant that the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law. "Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima face case through the production of the mortgage, the unpaid note, and evidence of default" (U.S. Bank N.A. v Sabloff, 153 AD3d 879, [*2]880 [internal quotation marks omitted]). When a party relies upon the business records exception to the hearsay rule in attempting to establish its prima facie case, " [a] proper foundation for the admission of a business record must be provided by someone with personal knowledge of the maker's business practices and procedures'" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209 [emphasis omitted], quoting Citibank, N.A. v Cabrera, 130 AD3d 861, 861; see Aurora Loan Servs., LLC v Mercius, 138 AD3d 650, 652).
In support of those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee, the plaintiff submitted an affidavit of an employee of its loan servicer, Ocwen Loan Servicing, LLC (hereinafter Ocwen). The employee attested that she was familiar with business records of Ocwen but failed to lay a proper foundation for the admission of records concerning the defendant's payment history and default. Accordingly, the plaintiff failed to demonstrate that the records relied upon in the affidavit were admissible under the business records exception to the hearsay rule (see CPLR 4518[a]; Federal Natl. Mtge. Assn. v Marlin, 168 AD3d 679, 681; Bank of Am., N.A. v Brannon, 156 AD3d 1, 8; Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 685; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739).
Since the plaintiff's motion was based on evidence that was not in admissible form (see Federal Natl. Mtge. Assn. v Marlin, 168 AD3d at 681), the plaintiff failed to establish its prima facie entitlement to judgment as a matter of law, and those branches of its motion which were for summary judgment on the complaint insofar as asserted against the defendant and to appoint a referee should have been denied, regardless of the sufficiency of the defendant's papers in opposition (see id., citing Winegrad v New York Univ. Med. Ctr., 64 NY2d 851).
We also agree with the defendant that the plaintiff failed to establish that the required notice of default was mailed by first class mail or actually delivered to the notice address if sent by other means, as required by paragraphs 15 and 22 of the mortgage. Where it is alleged that a plaintiff has failed to comply with a condition precedent to the enforcement of a mortgage, the plaintiff must proffer sufficient evidence to establish, prima facie, that it complied with the condition precedent (see RBS Citizens, N.A. v Galperin, 135 AD3d 735, 736, citing GMAC Mtge., LLC v Bell, 128 AD3d 772, 773; Wells Fargo Bank, N.A. v Eisler, 118 AD3d 982, 983). The employee's affidavit submitted in support of that branch of the plaintiff's motion which for summary judgment dismissing the defendant's fifth affirmative defense failed to establish mailing of the notice of default as required by the terms of the mortgage (see J.P. Morgan Mtge. Acquisition Corp v Kagan, 157 AD3d 875, 876). Accordingly, that branch of the plaintiff's motion should have been denied.
CHAMBERS, J.P., MALTESE, LASALLE and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court