SMS Fin. XXXI, LLC v Hutson (2021 NY Slip Op 00449)





SMS Fin. XXXI, LLC v Hutson


2021 NY Slip Op 00449


Decided on January 27, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 27, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
HECTOR D. LASALLE
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-10615
 (Index No. 703729/14)

[*1]SMS Financial XXXI, LLC, appellant,
v
Keith Hutson, etc., respondent, et al., defendants.


Andriola Law, PLLC, New York, NY (James M. Andriola of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan C. Lancman, J.), entered July 15, 2019. The order, insofar as appealed from, denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Keith Hutson and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In this action to foreclose a mortgage encumbering certain real property located in Queens Village, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant Keith Hutson (hereinafter the defendant) and for an order of reference. The Supreme Court denied those branches of the motion, and the plaintiff appeals.
"To establish a prima facie case in an action to foreclose a mortgage, a plaintiff must produce the mortgage, the unpaid note, and evidence of default" (JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 644; see Citibank, N.A. v Gentile, 156 AD3d 859, 860; Citigroup v Kopelowitz, 147 AD3d 1014, 1015; HSBC Bank USA, N.A. v Espinal, 137 AD3d 1079, 1079). Here, in support of its motion, the plaintiff submitted, among other things, the mortgage, the note, and an affidavit of its manager, who averred that the defendant defaulted by failing to make the payments due under the note and mortgage on April 1, 2008, and thereafter. However, the affiant did not attest that he was personally familiar with the record-keeping practices and procedures of the plaintiff's predecessors in interest, or that the records generated by those entities were actually incorporated into the plaintiff's own records or routinely relied upon in its business (see CPLR 4518[a]; Bank of N.Y. Mellon v Gordon, 171 AD3d 197). Thus, to the extent that the affiant's purported knowledge of the defendant's default was based upon his review of unidentified business records, his affidavit constituted inadmissible hearsay and lacked probative value (see Bank of N.Y. Mellon v Gordon, 171 AD3d at 208-209).
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
CHAMBERS, J.P., LASALLE, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court